UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CIVIL ACTION NO. _____
***ELECTRONICALLY FILED***

TIMOTHY S. SUDEITH            PLAINTIFF

v.            **COMPLAINT**

E & J TRAILER SALES AND SERVICE, INC.            DEFENDANTS

    *Serve:* Kentucky Secretary of State
           Summons Branch
           700 Capital Ave., Ste. 86
           Frankfort, KY 40601

           *Who will forward the summons and complaint to:*
           Edward J. Focke
           1334 Laidlaw Avenue
           Cincinnati, OH 45237

AMPLE TRAILER LEASING & SALES, INC.

    *Serve:* Kentucky Secretary of State
           Summons Branch
           700 Capital Ave., Ste. 86
           Frankfort, KY 40601

           *Who will forward the summons and complaint to:*
           Gregory R. Wilson
           1411 Sycamore Street
           Cincinnati, OH 45210

AND

RYAN M. SALTER

    *Serve:* Kentucky Secretary of State
           Summons Branch
           700 Capital Ave., Ste. 86
           Frankfort, KY 40601

           *Who will forward the summons and complaint to:*
           Ryan M. Salter
           111 Michael Avenue
           Hamilton, OH 45011

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

COMES the Plaintiff, by counsel, and for his cause of action against Defendants, Ample Trailer Leasing & Sales, Inc., E&J Trailer Sales and Service, Inc., and Ryan M. Salter, hereby states as follows.

## PARTIES

1. The Plaintiff, Timothy S. Sudeith, is and was at all times stated herein a citizen and resident of Edina, Minnesota.

2. The Defendant E&J Trailer Sales and Service, Inc. ("E&J") is and was at all times stated herein acting through its agents, servants, employees, and lessees, including but not limited to Defendant Ryan M. Salter. E&J is and was at all times stated herein a foreign corporation with a principal place of business at 610 Wayne Park Drive, Cincinnati, Ohio 45215, and is and was organized and existing under the laws of the state of Ohio for the purposes of providing tractors and trailers for rent to customers. To the knowledge, information, and belief of the undersigned, E&J is not organized or existing in any other state. As a nonresident owner of a motor vehicle, Ample Trailer is subject to service of process pursuant to KRS 188.080, and may be served through the Kentucky Secretary of State.

3. The Defendant Ample Trailer Leasing & Sales, Inc. ("Ample Trailer") is and was at all times stated herein acting through its agents, servants, employees, and lessees, including but not limited to Defendant Ryan M. Salter. Ample Trailer is and was at all times stated herein a foreign corporation with a principal place of business at 610 Wayne Park Drive, Cincinnati, Ohio 45215. It is and was organized and existing under the laws of the state of Ohio for the purposes of providing tractors and trailers for rent to customers. To the knowledge, information, and belief of the undersigned, Ample Trailer is not organized or existing in any other state. As a

nonresident owner of a motor vehicle, Ample Trailer is subject to service of process pursuant to KRS 188.080, and may be served through the Kentucky Secretary of State.

4. The Defendant Ryan M. Salter is and was at all times stated herein a citizen and resident of Hamilton, Ohio, and is and was at all times stated herein acting as an agent, servant, employee, and lessee of Ample Trailer and/or E&J. As a nonresident motorist, Salteris subject to service of process pursuant to KRS 188.080, and may be served through the Kentucky Secretary of State.

## JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 in the United States District Court for the Eastern District of Kentucky because the Plaintiff and Defendants are residents and citizens of different states, and the amount in controversy exceeds the jurisdictional limit of this court of $75,000.00, exclusive of interest and costs incurred herein.

6. Each of the Defendants is subject to personal jurisdiction in the Commonwealth of Kentucky pursuant to KRS 454.210, because each of them caused a tortious injury in Kentucky by their acts or omissions in Kentucky, and/or transacted business in Kentucky that led to the injuries of the Plaintiff.

7. Venue is proper in the Eastern District of Kentucky pursuant to 28 U.S.C. § 1391 because the collision causing Plaintiff's injuries occurred in Fort Mitchell, Kenton County, Kentucky.

## FACTS COMMON TO ALL COUNTS

8. On or about April 26, 2019, Defendant Salter, acting as an agent, servant, employee, and lessee of Defendant Ample Trailer and/or Defendant E&J was operating a white 2006 International semi-tractor without an attached trailer, traveling northbound on I-75 in Fort

Mitchell, Kenton County, Kentucky. Defendant was operating his vehicle in the center lane of travel.

9. Upon information and belief, the semi-tractor driven by Defendant Salter was owned or leased by Defendant Ample Trailer.

10. Upon information and belief, Defendant Ample Trailer is without operating authority to operate a commercial motor vehicle in interstate commerce.

11. Defendant E&J is a motor carrier with operating authority issued by the Federal Motor Carrier Safety Administration ("FMCSA") and therefor is permitted to operate a commercial motor vehicles in interstate commerce. Defendant E&J's United States Department of Transportation ("USDOT") Number is 00380587.

12. Defendant Ample Trailer and Defendant E&J operate from the same business address.

13. Upon information and belief, the semi-tractor driven by Defendant Salter was operating under the operating authority of Defendant E&J at the time of the collision.

14. At the same time and place, Plaintiff was operating a passenger vehicle, and traveling northbound on I-75 in the right-most lane of travel.

15. Plaintiff was operating a 2019 Jeep Grand Cherokee that had been rented for the purpose of business travel. The Jeep Grand Cherokee was owned by PV Holding Corporation.

16. At approximately 11:20 A.M. on April 26, 2019, while traveling at approximately mile point 187.716, Defendant Salter operated his semi-truck in such a manner that it crossed over into the right lane and struck the vehicle Plaintiff was operating. Plaintiff attempted an evasive maneuver but was unable to avoid the collision caused when Defendant Salter steered his vehicle into Plaintiff's lane of travel.

17. The Jeep Grand Cherokee Plaintiff was operating sustained damage to the driver's side, from the driver's door to the rear of the vehicle.

18. Plaintiff struck his head as a result of the collision and received emergency treatment at the St. Elizabeth Medical Center in Florence, Boone County, Kentucky.

19. Upon returning home to Minnesota, Plaintiff was treated by his physician, Victor C. Van Hee, MD, MPH, and has been diagnosed with the following injuries as a result of the collision on April 26, 2019: post-concussive syndrome consisting of headaches, cognitive difficulties, vision abnormalities, tinnitus, vertigo, and intolerance of light, noise, screen time, and protracted cognitive work; cervical, thoracic, and lumbar strain; and substantial aggravation of preexisting lumber radicular pain related to lumbar disc bulging.

20. As a result of his injuries, Plaintiff has been unable to continue working in his job as normal because of the substantial level of cognitive attention and effort required of his occupation.

## COUNT I: NEGLIGENCE

21. Plaintiff reaffirms and realleges each and every allegation in Paragraphs 1-19 of the Complaint and incorporate same by reference as if fully set out here.

22. The negligence, carelessness, recklessness, and total disregard for the lives and safety of others by Defendant Salter, Defendant Ample Trailer, and Defendant E&J, as stated hereinabove, resulted in a collision between the vehicle Plaintiff was operating and the semi-tractor.

23. Defendant Ample Trailer and its driver Salter owed a duty of ordinary care to Plaintiff and these defendants have negligently breached their duty of ordinary care resulting in Plaintiff's injuries, as a direct and proximate result of said negligence.

24. Defendant E&J and its driver Salter owed a duty of ordinary care to Plaintiff and these defendants have negligently breached their duty of ordinary care resulting in Plaintiff's injuries, as a direct and proximate result of said negligence.

25. As a direct and proximate result of the negligence of Defendants Salter, Ample Trailer, and E&J as stated hereinabove causing the Plaintiff's injury, Plaintiff has been damaged in an amount exceeding the minimum jurisdictional limit of this Court of $75,000.00.

## COUNT II: VICARIOUS LIABILITY

26. Plaintiff reaffirms and realleges each and every allegation in Paragraphs 1-24 of the Complaint and incorporates same by reference as if fully set out here.

27. At all times herein Defendant Ryan M. Salter was acting within the scope of his employment or other contract creating an agency relationship with Defendant Ample Trailer and/or Defendant E&J in that he was performing work assigned by those Defendants and/or in a course of conduct subject to those Defendant's control.

28. At all times herein Defendant Ryan M. Salter and Defendant Ample Trailer were operating under the motor carrier authority of Defendant E&J, and Defendant Salter was an employee of Defendant E&J as that term is used in the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 390.5.

29. Defendant Ample Trailer is vicariously liable for Defendant Ryan M. Salter's failure to exercise ordinary care and violation of the laws of the Commonwealth of Kentucky and the United States of America, and Plaintiff's resulting injuries, in an amount exceeding the minimum jurisdictional limit of this court of $75,000.00.

30. Defendant E&J is vicariously liable for Defendant Ryan M. Salter's failure to exercise ordinary care and violation of the laws of the Commonwealth of Kentucky and the

United States of America, and Plaintiff's resulting injuries, in an amount exceeding the minimum jurisdictional limit of this Court of $75,000.00.

### COUNT III: NEGLIGENT HIRING, NEGLIGENT RETENTION, NEGLIGENT ENTRUSTMENT, NEGLIGENT SUPERVISION, AND NEGLIGENT TRAINING

31. Plaintiff reaffirms and realleges each and every allegation in Paragraphs 1-29 of the Complaint and incorporates same by reference as if fully set out here.

**a. Negligent Hiring and Retention**

32. Defendant Ample Trailer and Defendant E&J had a duty to use reasonable care to select employees and/or contractors who were competent and fit to perform the duties required as employees/contractors. Defendant Ample Trailer and Defendant E&J owed such a duty to Plaintiff and such duty was breached, causing Plaintiff's injuries, as alleged herein.

33. Defendant Ample Trailer and Defendant E&J knew, or should have known, that Defendant Ryan M. Salter would be likely to operate a motor vehicle in a negligent and reckless manner.

34. Defendant Ample Trailer and Defendant E&J knew, or should have known, that Defendant Ryan M. Salter was not competent or fir for the duties required of him as an employee and/or contractor, and therefore breached their duty to use reasonable care to select and retain an employee and/or contractor who was competent and fit for the position of commercial motor vehicle driver.

35. Defendant Ample Trailer's and Defendant E&J's negligent hiring and retention of Defendant Ryan M. Salter were substantial factors in causing the collision that is the subject of this action, and Plaintiff's resulting injuries, in an amount in excess of the minimum jurisdictional limit of this Court of $75,000.00.

**b. Negligent Entrustment**

36. Defendant Ample Trailer and Defendant E&J, as the actual or ostensible employer of Defendant Ryan M. Salter, had the right to permit the use of the subject semi-tractor and power to prohibit the use of the subject semi-tractor by the defendant driver.

37. Defendant Ample Trailer and Defendant E&J knew, or had a reason to know, or should have known, that Defendant Ryan M. Salter was likely to operate the subject semi-tractor in a negligent or reckless manner and in violation of the laws and regulations of the Commonwealth of Kentucky and the United States of America.

38. As a direct result of the negligent entrustment of the commercial motor vehicle to Defendant Ryan M. Salter by Defendant Ample Trailer and Defendant E&J, the Plaintiff suffered the injuries and damages as alleged.

39. The Defendant's negligent entrustment was a substantial factor in causing the collision that is the subject of this action, and Plaintiff's resulting injuries, in an amount in excess of the minimum jurisdictional limit of this Court of $75,000.00.

**c. Negligent Supervision and Training**

40. Defendant Ample Trailer and Defendant E&J, as the actual or ostensible employer of Defendant Ryan M. Salter, had a duty to supervise and train their drivers, including Defendant Ryan M. Salter.

41. Defendant Ample Trailer and Defendant E&J failed to implement adequate policies and procedures to ensure that its drivers received proper instruction, training, and supervision so as to prevent Plaintiff's injuries as alleged.

42. The Defendant's negligent supervision and training were substantial factors in causing the collision that is the subject of this action, and Plaintiff's resulting injuries, in an amount in excess of the minimum jurisdictional amount of this Court of $75,000.00.

### COUNT IV: GROSS NEGLIGENCE, WILLFUL OR WANTON MISCONDUCT, MALICE; RECOVERY OF PUNITIVE AND EXEMPLARY DAMAGES

43. Plaintiff reaffirms and realleges each and every allegation in Paragraphs 1-47 of the Complaint and incorporate same by reference as if fully set out here.

44. Defendant Ample Trailer and its defendant driver Salter were grossly negligent, and exhibited willful and wanton conduct toward Plaintiff by operating a tractor-trailer in a negligent and reckless manner, resulting in Plaintiff's injuries as herein alleged.

45. Defendant E&J and its defendant driver Salter were grossly negligent, and exhibited willful and wanton conduct toward Plaintiff by operating a semi-tractor in a negligent and reckless manner, resulting in Plaintiff's injuries as herein alleged.

46. Defendant Salter acted with oppression and malice toward Plaintiff by operating a semi-tractor in a negligent and reckless manner, resulting in Plaintiff's injuries.

47. Plaintiff is entitled to compensation for the damages, in an amount exceeding the minimum jurisdictional limit of this court of $75,000.00, caused or contributed to by Defendant Ample Trailer and Defendant E&J and its defendant driver Salter's gross negligence, willful or wanton misconduct, and malice as alleged.

### DAMAGES

48. As a direct and proximate result of the negligence of each of the Defendants and all the Defendants as stated hereinabove, Timothy S. Sudeith sustained serious and grievous injuries, to his damage, in an amount that is in excess of the minimum jurisdictional amount of this Court.

49. As a result of the negligence stated hereinabove, Timothy S. Sudeith endured pre-impact fright, to his damage, in an amount that is fair and reasonable.

50. As a result of his injuries stated hereinabove, Timothy S. Sudeith has in the past and will in the future endure great pain of body and anguish of mind, to his damage, in an amount that is fair and reasonable.

51. As a result of his injuries stated hereinabove, Timothy S. Sudeith incurred medical expenses, to his damage, in an amount that is presumed fair and reasonable pursuant to KRS 304.39-020(5)(a).

52. As a result of his injuries stated hereinabove, Timothy S. Sudeith will in the future incur medical expenses, to his damage, in an amount that is presumed fair and reasonable pursuant to KRS 304.39-020(5)(a),.

53. As a result of his injuries, Timothy S. Sudeith has in the past suffered lost wages, to his damage, in an amount that is fair and reasonable.

54. As a result of his injuries, Timothy S. Sudeith has suffered an impairment of his power to earn money, to its damage, in an amount that is fair and reasonable.

WHEREFORE, the Plaintiff, Timothy S. Sudeith, demands:

1. Judgment against Defendant Ample Trailer Leasing & Sales, Inc., for compensatory, punitive, and exemplary damages in an amount exceeding the jurisdictional limit of this Court of $75,000.00;

2. Judgment against Defendant E&J Trailer Sales and Service, Inc., for compensatory, punitive, and exemplary damages in an amount exceeding the jurisdictional limit of this Court of $75,000.00;

3. Judgment against Defendant Ryan M. Salter, for compensatory, punitive, and exemplary damages in an amount exceeding the jurisdictional limit of this Court of $75,000.00;

4. Joint and several judgment if returned against more than one defendant;

5. Pre-judgment interest;

6. Post-judgment interest;

7. Trial by jury;

8. Costs and expenses herein; and

9. Any other relief to which the Plaintiff is entitled.

>Respectfully submitted,
>
>ATTORNEYS FOR PLAINTIFF
>
>WILLIAM R. GARMER
>JEROME P. PRATHER
>Garmer & Prather, PLLC
>141 North Broadway
>Lexington, Kentucky 40507
>Telephone: (859) 254-9351
>Facsimile: (859) 233-9769
>
>/s/ William R. Garmer
>WILLIAM R. GARMER